UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
          Plaintiff,

v.                                         Case No. 17-CR-184

RICHARD WALKER,
          Defendant.

## RECOMMENDATION

The grand jury returned an indictment charging Richard Walker with failing to register as a sex offender. (ECF No. 1.) Walker filed a motion to dismiss the indictment, arguing that, due to the nature of his underlying conviction, his obligation to register as a sex offender expired long before the offense date alleged in the indictment. (ECF No. 11.) Walker asserts he is a Tier I sex offender for purposes of the Sex Offender Registration and Notification Act (SORNA). *See* 34 U.S.C. § 20911. As a result, he was required to register for 15 years. 34 U.S.C. § 20915(a)(1). Thus, his obligation to register as a result of the 1998 Colorado conviction referenced in the indictment expired long before the June 19, 2016 offense date alleged in the indictment. Consequently, as a matter of law, Walker's failure to register was not a violation of 18 U.S.C. § 2250(a).

The government responds[1] that Walker "is at least a Tier II offender." (ECF No. 14 at 6.) Tier II offenders are required to register for 25 years, 42 U.S.C. § 16195(a)(2), and Tier III offenders are required to register for life, 42 U.S.C. § 16195(a)(3). Thus, Walker was still required to register as of the offense date alleged in the indictment. His failure to do so was a violation of 18 U.S.C. § 2250(a) and his motion to dismiss must be denied.

Under SORNA, a defendant's tier classification is determined by comparing the defendants prior sex offense with the offenses listed in SORNA's tier definitions. *See* 42 U.S.C. § 16911(2)-(4). Courts use what is referred to as the categorical approach for determining a defendant's tier status. *United States v. Taylor*, 644 F. 3d 573, 576 (7th Cir. 2011). Under the categorical approach, the court compares the elements of the prior offense of conviction with the elements of the relevant federal offense, without regard to the actual facts underlying the defendant's conviction. *United States v. Woods*, 576 F.3d 400, 404 (7th Cir. 2009). If the elements of the prior offense "are the same as, or narrower than" the offense listed in the federal statute, there is a categorical match. *See Descamps v. United States*, ____U.S.____133 S. Ct. 2276, 2281 (2013). But if the elements of the prior conviction "sweep[] more broadly,*" id.* at 2283, such that there is a "realistic probability" that the statute of the offense of prior conviction encompasses conduct

---

[1] The court previously recommended that Walker's motion to dismiss be granted as unopposed when the government failed to respond to the motion. (ECF No. 13.) The government subsequently responded (ECF No. 14) and the court accepted this untimely response (ECF No. 17). Therefore, the court now vacates its prior recommendation (ECF No. 13).

outside of the offense articulated in the federal statute, then the prior offense is not a match, *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

A person is a Tier III sex offender if he was convicted of an offense that "is comparable to or more severe than … abusive sexual contact (as described in section 2244 of title 18, United States Code) against a minor who has not attained the age of 13 years." 34 U.S.C. § 20911(4), (ii). Section 2244(a)(5) describes abusive sexual contact as including "knowingly engag[ing] in [sexual contact] with another person who has not attained the age of 12 years." 18 U.S.C. §§ 2241(c), 2244(a)(5).

Walker was convicted of violating a Colorado statute that provided: "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim." Colo. Rev. Stat. § 18-3-405(1). Obviously, the statute Walker was convicted of violating differs from 18 U.S.C. §§ 2241(c) and 2244(a)(5) with respect to the age of the victim. Sexual contact with a person who is at least 12 years old is not prohibited under 18 U.S.C. § 2244(a)(5) but a person could be convicted under the Colorado law for sexual contact with a person who is 12, 13, or 14. Thus, because the Colorado statute proscribes sexual contact with children older than those protected under 18 U.S.C. § 2244(a)(5), the offenses are not categorically identical.

But the government argues that, when it comes to determining a defendant's tier under SORNA, even though otherwise applying the categorical approach the court may

3

look to the facts underlying the defendant's conviction to determine the victim's age. The government's sole basis for its position are guidelines propounded by the Attorney General to "provide guidance and assistance to the states and other jurisdictions in incorporating the SORNA requirements into their sex offender registration and notification programs." 73 Fed. Reg. 38030, 38031. But the government does not develop any argument as to why the court should regard guidelines issued by the Attorney General to assist states in complying with SORNA as controlling with respect to the question presented. Nor does the government cite any case where a court concluded that, while applying the categorical approach, it may look beyond the statutory elements of the offense of conviction and consider the victim's age.

Notwithstanding the government's failure to identify any such controlling authority or develop its argument, the court has identified decisions from around the country accepting the government's ultimate conclusion (albeit relying on different authority). Upon analyzing the relevant statutes, the Court of Appeals for the Tenth Circuit concluded, "Congress intended courts to use a categorical approach to determine the sex offender tier, with the exception that the court should consider the specific circumstances to determine the victim's age." *United States v. White*, 782 F.3d 1118, 1133, 1134-35 (10th Cir. 2015). The Court of Appeals for the Fourth Circuit has agreed. *United States v. Berry*, 814 F.3d 192, 197 (4th Cir. 2016); *cf. United States v. Byun*, 539 F.3d 982, 992-94 (9th Cir. 2008) (holding that the court may consider facts of the

4

underlying conviction to determine whether the offense was committed "against a minor"); *see also United States v. Gonzalez-Medina*, 757 F.3d 425, 431 (5th Cir. 2014) (holding that the court may consider facts of the underlying conviction to determine whether the 34 U.S.C. § 20911(5)(c) age-differential exception for offenses involving consensual sexual conduct applies).

The rationale for this limited exception to the categorical approach is explained in *Berry*. The advantage that the categorical approach has over the circumstance-specific approach, *see, e.g., Nijhawan v. Holder*, 557 U.S. 29, 34 (2009), is that it avoids the "daunting difficulties" associated with examining evidence to understand the specific circumstances of past convictions. 814 F.3d at 198 (citing *Descamps*, 133 S.Ct. at 2289). But determining age is a "straightforward and objective" inquiry that "involves the inspection of a single threshold fact." *Id.* (quoting *Hernandez-Zavala v. Lynch*, 806 F.3d 259, 267 (4th Cir. 2015)).

Based on the reasoning set forth in *White* and *Berry*, the court concludes that it may consider the age of the victim in determining the defendant's tier under SORNA. The government has provided the court with the affidavit and application for an arrest warrant filed in the underlying Colorado prosecution of Walker. (ECF No. 14-1 at 2-5.) Based on these documents, the government has reliably established that the victims of Walker's offense were four and six years old. (ECF No. 14-1 at 2; *see also* ECF No. 14-1 at 8 (stating victims were "under the age of ten").)

5

Consequently, Walker is a Tier III sex offender, having been convicted of an offense that is comparable to or more severe than "abusive sexual contact (as described in section 2244 of title 18, United States Code) against a minor who has not attained the age of 13 years." 34 U.S.C. § 20911(4)(A)(ii). A Tier III sex offender is required to register for the remainder of his life. 34 U.S.C. § 20915(a)(3).

**IT IS THEREFORE ORDERED** that the court's prior recommendation (ECF No. 13) is **vacated**.

**IT IS FURTHER RECOMMENDED** that Richard Walker's Motion to Dismiss (ECF No. 11) be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 29th day of January, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge